UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN WITCHER,

    Petitioner,                               Case No. 1:06-cv-379

v                                                         HON. JANET T. NEFF

JOHN PRELESNIK,

    Respondent.
_____/

**OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court deny the petition for the following reasons: (1) Petitioner procedurally defaulted two of his claims; and (2) the decisions of the Michigan courts on Petitioner's remaining claims were not contrary to, nor unreasonable applications of, clearly established federal law as determined by the Supreme Court, nor were the decisions based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation.

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court dispenses with the request for an evidentiary hearing (Obj. at 4) because the facts and legal contentions are adequately presented in the materials before the Court. An evidentiary hearing will not further assist the Court in making a determination. The

Court denies the objections, approves and adopts the Report and Recommendation (Dkt. 44) as the opinion of the Court, and issues this Opinion and Final Order pursuant to FED. R. CIV. P. 58.

Petitioner states essentially two objections to the Magistrate Judge's Report and Recommendation. First, Petitioner argues that the Magistrate Judge's procedural default analysis is flawed (Obj. at 1-2, 10; Rep. & Rec. at 8-12). Petitioner references evidentiary support in an attempt to show that he has not defaulted his claims (Obj. at 2-4). In the alternative, Petitioner argues that he has shown "cause" and "actual prejudice" to overcome the procedural bar and that the Court's failure to review these claims would therefore be a "fundamental miscarriage of justice" (Obj. at 6, 8-10). Petitioner's argument is without merit. The Magistrate Judge, after a thorough review of the events leading up to this petition, properly applied the procedural default standards and properly concluded that Petitioner procedurally defaulted two of his claims.

Second, Petitioner also poses an objection to the Magistrate Judge's conclusion that there was sufficient evidence to support Petitioner's convictions (Obj. at 6-8; Rep. & Rec. at 18-23). This argument is also without merit. The Magistrate Judge properly determined that "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979). Therefore, the Magistrate Judge properly concluded that the decision of the Michigan Court of Appeals was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court, nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d).

Having determined that Petitioner's arguments lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues he

raised. The Court must review the issues individually. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural rulings debatable.

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of petitioner's sufficiency-of-the-evidence claim debatable or wrong.

A certificate of appealability will therefore be denied as to each issue asserted.

A Final Order will be entered consistent with this Opinion.

Date: August 7, 2009  /s/Janet T. Neff
JANET T. NEFF
United States District Judge

3